**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

PUEBLO OF SAN FELIPE, a Federally Recognized Indian Tribe,

Plaintiffs,

vs. No. CIV 23-0296 JB/LF

DEBRA HAALAND, Secretary of the Interior; ROBERT ANDERSON, Solicitor, Department of the Interior; TRACY STONE-MANNING, Director, Bureau of Land Management; JERRY GIDNER, Director, Bureau of Trust Funds Administration; DARRYL LACOUNTE, Director, Bureau of Indian Affairs; PATRICIA MATTINGLY, Acting Regional Director, Bureau of Indian Affairs Southwest Region; SANTEE LEWIS, Superintendent, Bureau of Indian Affairs Southern Pueblos Agency, and DEPARTMENT OF THE INTERIOR,

Defendants,

--and--

PUEBLO OF SANTA ANA,

Intervenor-Defendant.

**MEMORANDUM OPINION AND ORDER**

**THIS MATTER** comes before the Court on: (i) the Intervenor-Defendant Pueblo of Santa Ana's Motion to Dismiss Plaintiff's First Amended Complaint (Doc. 127) for Failure to State a Claim on Which Relief Can Be Granted, or, in the Alternative, For Lack of Jurisdiction, and Memorandum in Support, filed May 20, 2026 (Doc. 132)("Santa Ana MTD"); and (ii) the Federal Defendants' Motion to Dismiss Amended Complaint (Dkt. No. 127) and Memorandum in Support, filed May 21, 2026 (Doc. 133)("Federal Defendant MTD"). The Court holds a hearing on July 17, 2026. See Clerk's Minutes at 1, filed July 17, 2026 (Doc. 141). The primary issue is whether

the Court should dismiss Plaintiff Pueblo of San Felipe's First Amended Complaint, filed April 1, 2026 (Doc. 127)("FAC"), because the FAC still seeks -- in everything but name -- to quiet title to Indian lands. The Court dismisses the FAC, because San Felipe Pueblo continues to seek quiet title to Indian lands in this suit. The Court grants both the Santa Ana MTD and the Federal Defendant MTD.

## ANALYSIS

The Quiet Title Act, 28 U.S.C. § 2409(a) ("QTA"), provides the exclusive means for resolving title disputes involving real property in which the United States asserts an interest by waiving the United States' sovereign immunity. See 28 U.S.C. § 2409a; Block v. North Dakota, 461 U.S. 273, 275 (1983). The QTA has an exception, however, known as the Indian Land Exception, which explicitly bars suits challenging title to "trust or restricted Indian lands." 28 U.S.C. § 2409(a). In the Memorandum Opinion and Order, filed November 24, 2025 (Doc. 120)("MOO"), the Court concludes that San Felipe Pueblo may not assert claims that challenge title to "trust or restricted Indian lands." MOO at 26. Instead, the Court concludes that San Felipe Pueblo may pursue only a narrow Administrative Procedure Act, 5 U.S.C. § 706("APA"), claim challenging the implementation of the Memorandum from Hilary C. Tompkins, Solicitor, to Kevin K. Washburn, Assistant Secretary for Indian Affairs at 1 (dated July 7, 2013), filed August 18, 2023 (Doc. 29-1)("Tompkins Opinion"). See Memorandum Opinion and Order, filed March 12, 2026 (Doc. 126)("Motion to Reconsider MOO").

Both the Federal Defendants and Santa Ana Pueblo move to dismiss, arguing that the United States' sovereign immunity bars the FAC, because San Felipe Pueblo continues to seek title to Indian land notwithstanding the Court's instructions in the MOO. See Federal Defendant MTD at 7; Santa Ana MTD at 4. The Court agrees that, despite the FAC's reformulation of its claims, San Felipe Pueblo's action remains, at its core, a quiet title action and must be dismissed.

Throughout most of the FAC, the Pueblo of San Felipe explains why its title to the disputed land is superior to Santa Ana Pueblo's. See generally FAC ¶ 1-183, at 1-42. But the Prayer for Relief makes San Felipe Pueblo's claim clear -- they are trying to quiet title to the disputed land. See Prayer for Relief ¶ 1-6, at 42-44. For example, San Felipe Pueblo asks the Court to declare that the Federal Defendants "lacked any legal authority to diminish San Felipe's territory unilaterally and to remove the lands from the application of San Felipe's criminal and civil regulatory laws and ordinances." Prayer for Relief ¶ 1, at 43. San Felipe Pueblo also asks the Court to "set[] aside" the Tompkins Opinion, the filing of the corrective resurvey, and any alteration of Interior records "purporting to alter the boundaries of the 1864 Patent or title to any restricted fee lands located therein." Prayer for Relief ¶ 2, at 43. These requests indicate that San Felipe Pueblo still seeks title to the disputed land.

The Court permitted San Felipe Pueblo to file a FAC asserting that the Bureau of Land Management ("BLM") acted contrary to the Tompkins Opinion. The FAC contains no allegation, however, that the BLM fails to comply with the Tompkins Opinion. Instead, the FAC reasserts that the Interior lacks authority to alter the boundaries of lands patented to San Felipe Pueblo. See FAC ¶¶ 154-156, at 37. Essentially, San Felipe Pueblo argues the Tompkins Opinion's validity; it does not challenge the Tompkins Opinion's implementation, as the Court has required. Validity and implementation are not the same thing. A challenge to the Tompkins Opinion's validity requires the Court to determine whether the Tompkins Opinion correctly establishes or recognizes the boundaries of San Felipe Pueblo's territory and, consequently, whether the Interior has the authority to alter those boundaries. Resolving that question necessarily requires the Court to determine San Felipe Pueblo's rights to the disputed land -- the title dispute that the Court already has determined it cannot decide under the Indian Land Exception. See MOO at 26. An implementation claim, by contrast, accepts the Tompkins Opinion as the governing determination

and asks only whether the BLM or the Interior has acted consistently with the Tompkins Opinion. Such a claim does not require the Court to determine which Pueblo holds title to the disputed land. This distinction is substantive: the former asks the Court to determine who has rights to the land, while the latter asks only whether the Federal Defendants follow an existing determination concerning those rights. Because the FAC continues to seek a determination that the disputed land belongs within San Felipe Pueblo's territory, and because the FAC does not seek to challenge the implementation of the Tompkins Opinion, the only APA claim that the Court has allowed, San Felipe Pueblo is still, in substance if not in name, attempting to quiet title to Indian land. Accordingly, the Court grants the Federal Defendants MTD and the Santa Ana MTD.

**IT IS ORDERED** that: (i) the Intervenor-Defendant Pueblo of Santa Ana's Motion to Dismiss Plaintiff's First Amended Complaint (Doc. 127) for Failure to State a Claim on Which Relief Can Be Granted, or, in the Alternative, For Lack of Jurisdiction, and Memorandum in Support, filed May 20, 2026 (Doc. 132), is granted; (ii) the Federal Defendants' Motion to Dismiss Amended Complaint (Dkt. No. 127) and Memorandum in Support, filed May 21, 2026 (Doc. 133), is granted; (iii) the Pueblo of San Felipe's First Amended Complaint, filed April 1, 2026 (Doc. 127), is dismissed without prejudice for lack of jurisdiction; and (iv) Final Judgment will be entered.

UNITED STATES DISTRICT JUDGE

*Counsel:*

Judith Amy Shapiro
Judith A. Shapiro, Esq.
Washington, DC

-- and –

Thomas Nitschke
Dragonfly Law Group, P.C.
Rapid City, South Dakota

-- and --

Annette T. Brown
Timothy J. Humphrey, Sr.
Stetson Law Offices, P.C.
Albuquerque, New Mexico

-- and --

Tim Hennessy
Steven J. Bloxham
Peebles Kidder Bergin & Robinson
Sacramento, California

-- and --

Rebecca L. Kidder
Michael Robinson
Peebles Kidder Bergin & Robinson
Rapid City, South Dakota

*Attorneys for the Plaintiff*

Devon Lehman McCune
United States Department of Justice
Environmental & Natural Resources Division
Washington, D.C.

*Attorneys for the Defendants*

Richard W. Hughes
Allison K. Athens
Rothstein Donatelli LLP
Santa Fe, New Mexico

*Attorneys for the Intervenor-Defendant*